**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 16-14-DLB-CJS**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**MEGAN ADAMS**                                                           **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On October 17, 2017, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Report that Defendant Megan Adams had violated conditions of her supervised release.[1]   (*See* R. 16).   Upon call of this matter at the Final Revocation Hearing, Defendant admitted to Violation 1 as set forth in the Probation Officer's August 31, 2017 Supervised Release Violation Report and Violations 4 and 5 of the subsequent October 2, 2017 Addendum to Supervised Release Violation Report.   The Government agreed to dismiss Violations 2 and 3. Parties then presented argument on the appropriate sentence.   After hearing from counsel, the Probation Officer and Defendant, for the reasons that follow, it will be **recommended** that Defendant's **supervised release be revoked** and that she be **sentenced to a 9-month term of imprisonment, with a 27-month term of supervised release** to follow, which supervision shall include all conditions originally imposed, plus the Probation Officer's recommended additional terms pertaining to prescription medications.

---

[1] Defendant's Final Revocation Hearing was initially scheduled for September 25, 2017. (*See* R. 18). Due to Defendant's urinalysis initially testing positive for methamphetamine and amphetamine on the day of the hearing, her Final Hearing was continued pending laboratory analysis of her drug test results. (*Id.*).

## I.    Background

On January 15, 2016, Defendant Megan Adams was sentenced by the District Court in the Eastern District of Missouri to time served and 5 years of supervised release, following a plea of guilty to Conspiracy to Commit Offenses Against the United States in violation of Title 18 U.S.C. § 371 and two counts of Bank Fraud in violation of Title 18 U.S.C. § 1344.  Defendant began her term of Supervised Release on January 15, 2016 under the supervision of the Eastern District of Missouri.  Defendant's case was transferred from the Eastern District of Missouri to the Eastern District of Kentucky on March 29, 2016.

Defendant is now before the Court charged with violating the terms of her supervised release. The charged violations were presented to the Court via the Probation Officer's August 31, 2017 Supervised Release Violation Report.  At Defendant's initial appearance, because one of the violation charges was that she had failed to report for drug screen, she was ordered to submit to a drug test following court.  Defendant appeared on September 25, 2017, for the scheduled final hearing.  However, that hearing was continued pending the laboratory results of her drug screen which had initially returned positive for methamphetamine and amphetamine.

On October 17, 2017, Defendant appeared for her rescheduled Final Revocation Hearing. At that time, the undersigned explained to Defendant that a Supplemental Violation Report had been issued by the U.S. Probation Office charging Defendant with additional violations since her initial appearance before the Court.  In addition to reviewing the additional charges, the undersigned explained to Defendant how the potential penalties had changed in light of these additional charges. The undersigned explained to Defendant the new statutory maximum terms of incarceration and supervised release as well as the applicable range under the Sentencing Guidelines.

Defendant acknowledged her understanding and stated it was her desire to plead guilty to Violation 1 set forth in the August 31, 2017, Violation Report, and Violations 4 and 5 of the subsequent October 2, 2017 Addendum.[2] Specifically, Defendant admitted to the following violations of her supervised release and the factual circumstances set forth below:

> **Violation #1:**  The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Defendant was enrolled in a drug testing program on February 2, 2017.  As part of the program, she was instructed to call the probation office every weekday to see if she needed to report for testing.  Defendant failed to report for drug testing on August 24, 2017.  Defendant stated she was not aware she was supposed to report for testing, and did not call the probation office because she did not believe she had to report for testing because she was under a doctor's care.  By not following the Probation Officer's instructions to call for testing, and failing to report for testing, Defendant has violated the conditions of her supervised release, and admitted to such violation.  This is a Grade C Violation.

> **Violation #4:**  The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

> **Violation #5:**  The Defendant shall not commit another federal, state, or local crime.

Defendant was ordered by the Court to submit to a urinalysis prior to her Final Revocation Hearing set for September 25, 2017.  The initial results of that test were positive for

---

[2] The Government moved to dismiss Violations 2 and 3 set forth in the August 31, 2017 Violation Report. Violation 2 involved Defendant's failure to make restitution payment as directed, and Violation 3 involved Defendant's failure to comply with the Probation Office's direction to provide pharmacy verification for a prescription, which prescription the Probation Officer later observed was reported on a KASPER report.

3

methamphetamines and amphetamines, but the quantity of the sample was not sufficient to confirm the initial results. Defendant submitted a second sample later that day, and upon laboratory testing, the results returned positive for methamphetamines. Due to her use of methamphetamines, Defendant has violated the conditions of her supervised release, and admitted to such violation. This is a Grade C Violation.

Defendant's positive drug screening also resulted in Violation 5, as Defendant unlawfully possessed methamphetamines. Within the Sixth Circuit, the use of controlled substances is equivalent to the possession of controlled substances. *See United States v. Crace*, 207 F. 3d 833, 836 (6th Cir. 2000). Pursuant to the Controlled Substances Act, methamphetamine is considered a Schedule II Controlled Substance. Possession of methamphetamine constitutes conduct violative of KRS 218A.1415(1), a Class D felony. Defendant's use, and therefore possession, of methamphetamine thereby violated her federal supervision by engaging in conduct that violates state law. This is a Grade B violation.

The undersigned is satisfied from the dialogue with Defendant at the October 17, 2017 Final Revocation Hearing that she understands the nature of the pending supervised release violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to her about any final sentence to be imposed in exchange for her admissions regarding the charges, and that she enters her admissions to the charges knowingly and voluntarily. Therefore, based upon Defendant's admissions, the undersigned finds and will recommend that the District Judge find Defendant has violated the conditions of her supervised release as charged.

4

Defendant did not waive her right to allocute before the District Judge, or her right to appeal any sentence imposed by the District Judge. The parties did not reach an agreement on a suggested sentence for Defendant. Thus, the Court now turns to this issue.

## II.    Sentencing

### A.    Legal Standard and Sentencing Guidelines

The Court must revoke a defendant's supervised release where the defendant is found to have possessed a controlled substance, *see* 18 U.S.C. § 3583(g), or upon a finding of a Grade A or B violation. *See* U.S.S.G. § 7B1.3(a)(1). Application Note 6 to Section 7B1.4 of the Guidelines, however, provides that a court can consider in the case of a defendant with a failed drug test whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment. *See* U.S.S.G. § 7B1.4, app. note 6 (citing 18 U.S.C. §§ 3563(a), 3583(d)).

The Court is also mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guidelines (U.S.S.G.) Chapter 7, Part B, and the factors set out in 18 U.S.C. § 3553(a) must be considered. The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

Here, classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of her supervised release of 24 months, her underlying offense being a Class D Felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 4 to 10 months, based upon Defendant's criminal

history category of I and her highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release for up to 36 months, minus any term of imprisonment imposed. *See* 18 U.S.C. § 3583(h).

### B.     Summary of Arguments of Counsel Regarding Sentencing

The parties did not agree to an appropriate sentence for these violations. At Defendant's final revocation hearing, AUSA Bracke recommended Defendant receive a term of incarceration towards the high end of the guideline range. AUSA Bracke recommended a 9-month term of incarceration, to be followed by 27 months of supervised release. To support this recommendation, AUSA Bracke cited Defendant's pattern of behavior with regard to the Swift, Certain, and Fair Program. He noted Defendant has been given multiple chances to comply with the program, but stands before the Court for her repeated failure to comply. AUSA Bracke noted that Defendant failed to report for screening, reported late for screening, produced positive drug screening results, missed treatment sessions with her counselor, and failed to obtain employment. He noted the Probation Office has been patient with Defendant but at this point a sanction toward the high end of the guidelines range would be appropriate. AUSA Bracke also recommended Defendant return to supervised release for 27 months upon conclusion of her term of incarceration, for the purpose of seeking further treatment and paying restitution.

Defense counsel recommended a sanction other than incarceration, specifically requesting substance abuse and mental health treatment, with a term of supervised release to follow that treatment. In the alternative, counsel recommended a sentence at the lower end of the guidelines range. To support his recommendation, Attorney Neff referred to Defendant's personal history, which included instances of physical and emotional abuse, and other personal hardships in

Defendant's life.  Defense counsel noted Defendant's current willingness to admit to her underlying problems that led to her violations, and her recent improvement regarding her communications with her family and her mental health counselor.  He also referenced Defendant's willingness to voluntarily participate in a drug abuse treatment program that also includes a mental health treatment component.

Upon the Court's inquiry, Officer Biggs recommended a 9-month term of incarceration to be followed by 27 months of supervised release.  She also requested additional conditions regarding prescription medication.  Officer Biggs did note Defendant's positive qualities that could help Defendant succeed during her term of supervised release, but also noted Defendant's difficulty with complying with the drug screening requirements of her supervised release.  Officer Biggs pointed out Defendant's use of prescription drugs throughout the term of her supervised release, and the difficulties Defendant demonstrated in reporting such prescriptions to the Probation Office.

### C.    Discussion

Upon consideration of the entire record, including the August 31, 2017 Violation Report (R. 16), and the October 2, 2017 Addendum (R. 19), the sentencing materials from the underlying Judgment, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned recommends that Defendant's supervised release be revoked and that she be sentenced to a 9-month term of incarceration, followed by 27 months of supervised release. It is further recommended that additional conditions pertaining to prescription drugs be added to the release conditions imposed with her new term of supervision.

Defendant's request that she be placed in an inpatient treatment program for her mental health and drug abuse issues is not an appropriate sanction in this instance. First, the law requires

revocation of supervised release when a Defendant possesses a controlled substance in violation of the conditions of supervised release or upon finding of a Grade A or B violation. In this case, Defendant's supervised release prohibited Defendant from using any controlled substance not prescribed to her. Defendant violated this condition by testing positive for methamphetamine in September of 2017. As Defendant's admitted use of methamphetamine equates to possession of a controlled substance under the law, Defendant was further found to have violated her supervised release by committing another federal crime which is a Grade B violation. This Court's finding that Defendant committed a Grade B violation of her supervised release by possessing a controlled substance compels revocation. 18 U.S.C. § 3583(g)(1); U.S.S.G. § 7B1.3(a)(1). While Application Note 6 to Section 7B1.4 of the Guidelines provides the Court with authority to consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment, such an exception is not warranted in this case.

Defendant received a very short term of incarceration for her underlying offense, as she was sentenced to time served. Such a short term of incarceration did not deter Defendant from returning to a lifestyle similar to that which led to her initial arrest. Given Defendant's pattern and escalation of behavior, a review of the KASPER report and her treatment provider's notes suggests Defendant has been drug seeking and has not been forthcoming with her Probation Officer. Defendant has reported to the Probation Office experiencing physical maladies and/or being diagnosed with conditions for which she obtains prescription medications. But Defendant needs to be forthcoming with medical providers about her substance abuse history and status, and seek non-narcotic alternatives for her conditions. A term of incarceration is appropriate so that Defendant can

8

understand the seriousness of the situation she has found herself in, and so that she can understand the importance of complying with all of the terms of her supervised release.

Defense counsel claimed this was Defendant's first violation of the conditions of her supervised release. However, Defendant violated the conditions of the Swift Certain and Fair Program on multiple occasions. Despite Defendant's agreement to participate in the program, she has been unable to abide by the conditions imposed upon her as part of the program. Specifically, she submitted her required monthly report late on multiple occasions, admitted to using marijuana, diluted her urinalysis, cancelled a treatment appointment, and failed to secure full time employment on multiple occasions. Based on these facts, no exception to the requirement of mandatory revocation is warranted. To the contrary, the Court is persuaded that revocation is necessary to afford adequate deterrence to Defendant's conduct and to impress upon Defendant the seriousness of abiding by the conditions of her supervised release.

Upon conclusion of Defendant's term of incarceration, a return to supervised release for a term of 27 months is recommended. A term of this length is necessary to deter future violations and provide Defendant the opportunity to absorb the importance of strict compliance to all terms of her supervision. Supervised release is designed to assist a defendant to change the course of her life and make positive decisions. With Defendant's cooperation, the Probation Office can assist her to ensure she obtains appropriate treatment and successfully acclimates her life to that of a law abiding citizen.

Finally, along with the original conditions of Defendant's supervised release, additional conditions pertaining to prescription medication are also recommended. Defendant should be required to comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications. Such a condition is reasonably necessary to afford adequate

9

deterrence to criminal conduct and promote Defendant's rehabilitation. To be successful on supervision, Defendant will need to actively participate in treatment as directed by the Probation Office and take advantage of the opportunities and support provided to her. Further violations, particularly those involving illegal substances or controlled substance abuse, will be a great disappointment and will not be looked upon favorably by the Court.

## III.    Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** as follows:

1)    Violations 2 and 3 of the August 31, 2017 Supervised Release Violation Report be **DISMISSED.**

2)    Defendant **MEGAN ADAMS** be found to have **VIOLATED** her supervised release as set out in Violations 1, 4, and 5 of the August 31, 2017 Supervised Release Violation Report and the October 2, 2017 Addendum to Supervised Release Violation Report.

3)    Defendant's supervised release be **REVOKED.**

4)    Defendant be **SENTENCED** to the custody of the Attorney General for a term of **nine (9) months, credit to be given for time served since her detention on the charged violation, with a 27-month term of supervised release to follow.**

5)    That the District Court impose for Defendant's new term of supervision all standard conditions and additional terms of supervision set forth in the January 15, 2016 Judgment (R. 1-3),

a)    with the exception of the additional supervision term at paragraph 3 of the original Judgment concerning Defendant's participation in substance abuse and/or mental health treatment as directed by the Probation Office, which additional term

should be re-imposed but with the first sentence and the word "Thereafter" removed,

so that it provides as follows:

- The defendant shall participate in any additional substance abuse treatment program approved by the probation office, which may include substance abuse testing, counseling, Residential Re-entry Center placement, residential or inpatient treatment. The defendant shall participate in a mental health evaluation and shall follow any recommendations of such and/or shall participate in a mental health program approved by the probation office.

b)    and impose the following additional terms/conditions:

- The defendant shall provide to the USPO, within 7 (seven) days of release from custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in Defendant's possession, custody or control. The list shall include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in defendant's possession, custody, or control at the time of the report.

- The defendant shall notify the USPO immediately (i.e. within no later than 72 hours) if defendant receives any prescription for a medication containing a controlled substance during the period of supervised release. Defendant shall provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs.

- The defendant must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications.

- The defendant shall report any theft or destruction of her prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

- Defendant shall participate in an outpatient and/or inpatient program for controlled substance abuse, as directed by the U.S. Probation Office, until such time as Defendant is released from any such program(s) by the Probation Office.

6)    The District Court recommend that the Bureau of Prisons place Defendant at a facility closest to her home in Southgate, Kentucky.

7)    Defendant having preserved her right to allocution, absent Defendant filing a waiver of allocution within **fourteen (14) days** of this Report and Recommendation, she should be given the opportunity to allocute before the presiding District Judge prior to sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated this 15th day of February, 2018.



**Signed By:**

**_Candace J. Smith_**

**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\16-14 Adams R&R.final.wpd

12